# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>  v.<br>MARIO QUINONES-ESTRADA,<br><br>                        Defendant. | CASE NO. 15CR225 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the "Motion to Dismiss the Indictment" filed by Defendant Mario Quinones-Estrada (ECF No. 27).

## BACKGROUND FACTS

On October 1, 1992, Defendant was convicted of sexual penetration by a foreign object in violation of California Penal Code ("PC") § 289,[1] and sentenced to six years custody. (ECF No. 34-1 at 1).

On November 16, 1995, Defendant was served with an Order to Show Cause and Notice of Hearing alleging that he was subject to deportation on the grounds that he has been convicted of an aggravated felony as defined in section 101(a) of the Immigration and Nationality Act. The Notice stated in part "You were, on October 1, 1992, convicted in the Superior Court of California, County of Los Angeles, for the offense

---

[1] Section 289(a)(1) states, in relevant part: "Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment."

of Rape with a Foreign Object committed on or about July 4, 1992, in violation of Section 289 of the California Penal Code. For that offense, you were sentenced to confinement for a period of 6 years." (ECF No. 28-1 at 3).

On December 8, 1995, Defendant was ordered deported by order of the Immigration Judge. *Id*. at 27.

On December 26, 2014, Defendant was found in the United States. Defendant was charged in an Information with being a removed alien found in the United States in violation of 1326(a) and (b). (ECF No. 12).

## CONTENTIONS OF THE PARTIES

Defendant moves the Court for an order dismissing the Information on the grounds that his 1995 removal was a legal error. Defendant contends that his conviction under PC § 289 is not a categorical crime of violence and cannot serve as a predicate removal for the charge in the Information. Defendant recognizes that the Court of Appeals for the Ninth Circuit found that a conviction under PC § 289 is a categorical crime of violence under 18 U.S.C. § 16(b) in *United States v. Sandoval-Orellana*, 714 F.3d 1174 (9th Cir. 2013). Defendant contends that the decision by the United States Supreme Court in *Johnson v. United States*, _ U.S. _, 135 S.Ct. 2551 (June 26, 2015) finding the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), void for vagueness requires this court to reject the analysis in *Sandoval-Orellana* and conclude that 18 U.S.C. § 16(b) is void for vagueness.

The Government contends that Defendant was removeable as charged in 1995. The Government contends that this district court must apply the ruling of the Court of Appeals in *Sandoval-Orellana* that PC § 289 is a categorical crime of violence under the residual clause of 18 U.S.C. § 16(b). The Government asserts that the decision of the United States Supreme Court is not clearly irreconcilable with the decision of the Court of Appeals in *Sandoval-Orellana* and Defendant's conviction under PC § 289 falls squarely within 18 U.S.C. §16(b).

## APPLICABLE LAW

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *United States v. Ubaldo–Figueroa*, 364 F.3d 1047, 1048 (9th Cir. 2004). An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Id*.

An alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). However, the exhaustion requirement of 8 U.S.C. 1326(d) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." *United States v. Muro–Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001).

## RULING OF THE COURT

Under 8 U.S.C. § 1101(a)(43)(F) the term "aggravated felony" means "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [] at least one year." 8 U.S.C. § 1101(a)(43)(F) . An offense is a "crime of violence" under section 16 of Title 18 if it is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

In *Sandoval-Orellana*, the Court of Appeals held that PC § 289(a)(1) "proscribes a categorical aggravated felony crime of violence under 18 U.S.C. § 16(b)." 714 F.3d at 1180. The Court of Appeals explained:

> Section 16(b) does not require actual violence, but rather only a substantial risk of violence. We agree with the district court's conclusion that although some violations of PC § 289(a) may not involve actual violence, all will involve a substantial risk of violence. Although sexual penetration against the victim's will may be accomplished without the use of any physical force because psychological coercion may suffice, this is precisely the type of felony that "by its nature" brings with it a "substantial risk" that physical force will be used during the course of the crime. *See Lisbey v. Gonzales*, 420 F.3d 930 (9th Cir. 2005) (finding that sexual battery under California PC § 243.4(a) carries a substantial risk of force). The district court aptly noted that "sexual penetration of another person's body is not the type of conduct that occurs accidentally or negligently," and that it involves an intimate violation likely to elicit physical resistance from the victim. . . .

*Id.* at 1179. The Court of Appeal "agree[d] with the district court that in the 'ordinary case,' a conviction for sexual penetration with a foreign object involves a substantial risk of the use of force against another and therefore qualifies as an aggravated felony crime of violence as defined in 8 U.S.C. § 1101(a)(43)(F)." *Id.* at 1180.

In *Johnson*, the United States Supreme Court examined the residual clause in the ACCA which defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that—(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." 135 S.Ct. at 2557. The Supreme Court explained that

> [t]wo features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. *It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements*. . . .
>
> At the same time, the residual clause leaves uncertainty about how much

- 4 - 15CR225 WQH

> risk it takes for a crime to qualify as a violent felony. . . . By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

*Id*. at 2557-2258 (second emphasis added)

The Supreme Court examined its repeated failure to produce a "principled and objective standard" in the application of the ACCA residual clause and noted the circuit splits that have resulted from the application of the residual clause to "the thousands of unenumerated crimes." *Id*. at 2558. The Supreme Court stated: "Common sense has not even produced a consistent conception of the degree of risk posed by each of the four enumerated crimes; there is no reason to expect it to fare any better with respect to thousands of unenumerated crimes." *Id*. at 2559. The Supreme Court distinguished the ACCA residual clause from other federal and state laws using terms like "substantial risk" noting that "almost all of the cited laws require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*." *Id*. at 2561. The Supreme Court explained:

> As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct; "the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree." The residual clause, however, requires application of the "serious potential risk" standard to an idealized ordinary case of the crime. Because "the elements necessary to determine the imaginary ideal are uncertain both in nature and degree of effect," this abstract inquiry offers significantly less predictability than one "[t]hat deals with the actual, not with an imaginary condition other than the facts.

*Id*. (citations omitted).

In this case, the Court must determine whether the holding in *Johnson* that the residual clause of the ACCA "produces more unpredictability and arbitrariness than the Due Process Clause tolerates," *Johnson,* 135 S.Ct. at 2258 is clearly irreconcilable with the holding in *Sandoval-Orellana* that "PC § 289(a)(1) proscribes a categorical aggravated felony crime of violence under 18 U.S.C. § 16(b)." *Sandoval-Orellana*, 714 F.3d at 1180. In order to meet this "high standard," the decision in *Johnson* must undercut the theory or reasoning underlying the decision in *Sandoval-Orellana* "'in

1  such a way that the cases are clearly irreconcilable.'" *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) citing *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  "It is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on the prior circuit precedent.... Rather, 'the intervening higher precedent must be 'clearly inconsistent' with the prior circuit precedent.'" *United States v. Dunn*, 728 F.3d 1151, 1156 (9th Cir. 2013) quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012).

*Sandoval-Orellana* is recent, binding authority on this district court.  There are a number of material differences in the language of the ACCA residual clause and the language of 18 U.S.C. §16(b).  Section 16(b) does not contain a list of "enumerated offenses" which the Supreme Court found "confusing" in judicial attempts to apply the ACCA residual clause. *Johnson*, 135 S.Ct. at 2561.  More importantly, § 16(b) contains specific language limiting its application to the conduct "in the course of committing the offense."  18 U.S.C. § 16(b).

In *Sandoval-Orellana*, the Court of Appeals limited the judicial assessment of risk to the elements of P.C. § 289(a). ("[A] conviction under PC § 289(a) ... requires that the sexual penetration be accomplished 'against the victim's will.'"  714 F.3d at 1178 quoting PC § 289(a)(1).)  The Court of Appeals applied §16(b) to "real world conduct," *Johnson*, 135 S.Ct. at 2561 and found that "all [violations of PC §289(a)] will involve a substantial risk of violence."  *Sandoval- Orellana*, 714 F.3d at 1179 ("Sexual penetration against the victim's will may be accomplished without the use of any physical force because psychological coercion may suffice, this is precisely the type of felony that 'by its nature' brings with it a 'substantial risk' the physical force will be used during the course of the crime.").  The Court of Appeals in *Sandoval-Orellana* did not apply an "abstract inquiry" into "an imaginary condition other than the facts," the analysis which lead the Supreme Court in *Johnson* to conclude that the residual clause in the ACCA "produces more unpredictability and arbitrariness than the Due Process

1  Clause tolerates." *Johnson,* 135 S.Ct. at 2558, 2561.  The Court of Appeals readily
2  applied Section16(b) to the elements of PC 289(a)(1) in *Sandoval-Orellana* and did not
3  indicate that Section 16(b) suffered any problem meeting constitutional protections
4  against vague criminal laws.  *See Johnson,* 135 S.Ct. at 2561.  ("As a general matter,
5  we do not doubt the constitutionality of laws that call for the application of a qualitative
6  standard such as 'substantial risk' to real-world conduct; the law is full of instances
7  where a man's fate depends on his estimating rightly ... some matter of degree.").

8       The Court finds that the decision in *Johnson* does not undercut the theory or
9  reasoning underlying *Sandoval-Orellana* "in such a way that the cases are clearly
10 irreconcilable."  *Delgado-Ramos*, 635 F.3d at 1239.  The Court concludes that Cal.
11 Penal Code § 289(a)(1) is a categorical crime of violence under 18 U.S.C. § 16(b) and
12 Defendant was removeable as charged in 1995.

13      IT IS HEREBY ORDERED that the "Motion to Dismiss the Indictment" filed by
14 Defendant Mario Quinones-Estrada (ECF No. 27) is denied.

15 DATED:  September 24, 2015

16
17                                         **WILLIAM Q. HAYES**
                                        United States District Judge